UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 16-12428-cgm |
| Yoske Imai *aka* YOSKE IMAI *aka* YOSKE P IMAI *aka* Yosule Imai and Eiko Imai *aka* EIKO IMAI *aka* EIKO C IMAI, | Chapter: 13 |
| DEBTORS. | CHIEF JUDGE: CECELIA G. MORRIS |

-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

MTGLQ Investors, LP ("Movant"), a secured creditor of Yoske Imai *aka* YOSKE IMAI *aka* YOSKE P IMAI *aka* Yosule Imai and Eiko Imai *aka* EIKO IMAI *aka* EIKO C IMAI, the Debtors herein (the "Debtors"), respectfully submits this Memorandum of Law in support of its motion pursuant to Section 362(d) of the United States Bankruptcy Code (the "Bankruptcy Code") for an order: (i) modifying and terminating the automatic stay to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 434 East 52nd Street, Apartment 9B, New York, New York 10022 (the "Premises"), and (ii) granting Movant such other and further relief as the Court deems just and proper.

**I.   PRELIMINARY STATEMENT**

As will be set forth more fully herein, sufficient cause exists to grant Movant relief from the automatic stay. Specifically, the loan is currently post-petition due for September 1, 2016.

**II.   STATEMENT OF FACTS**

Movant respectfully refers the Court to the Application dated March 14, 2018, in support of an Order modifying and terminating the automatic stay (the "Application") as and for its statement of facts, which is incorporated by reference herein.

By this motion, Movant respectfully requests the Court to relieve it from the automatic stay currently in effect in accordance with Section 362(a) of the Bankruptcy Code so that it may

exercise all of its rights with respect to the Premises pursuant to its agreement with the Debtors and the applicable state law.

### III. ARGUMENT

It is respectfully requested that this Court enter an Order pursuant to Section 362(d) of the Bankruptcy Code, granting Movant relief from the automatic stay to permit Movant to foreclose upon its interest in the Premises. Section 362(d) sets forth in the pertinent part as follows:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a), such as by terminating, annulling, modifying or conditioning such stay --

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if -
>> (A) the debtor does not have equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

Relief from the automatic stay is warranted in the present case pursuant to Section 362(d)(1) of the Bankruptcy Code.

### A.    Relief From the Automatic Stay Pursuant to Section 362(d)(1)

Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property . . . "

Courts have construed Section 362(d)(1) to mean that a debtor must give a secured creditor reasonable assurance that the value of its secured interest in the property is, and will continue to be, protected. In re Hamilton, 100 B.R. 385 (N.D., 111. 1989); In re Cooley, 37 B.R. 590 (Bankr., E.D. Pa. 1984). Under Section 362(g)(2) of the Bankruptcy Code, the Debtor has

the burden of proof on the adequate protection issue. Here, the Debtors have failed to provide such assurance.

Failure to tender post-petition mortgage payments constitutes "cause" under Section 362(d)(1) to modify the automatic stay. In re Taylor, 151 B.R. 646 (E.D.N.Y 1993) (debtor's failure to make any mortgage payments after the confirmation hearing constitutes sufficient "cause" to lift the automatic stay); In re Frascatore, 33 B.R. 687 (B.Ct. E.D. Pa. 1983) (foreclosure action permitted to continue where chapter 13 debtor only made two payments to the mortgagee after filing petition and defaulted thereafter); In re Hinchliffe, 164 B.R. 45 (Bankr. E.D.Pa. 1994) (failure to make any post-petition payments constituted cause for relief from the automatic stay and grounds to convert Chapter 11 case to Chapter 7); In re Ocasio, 97 B.R. 825 Bankr. E.D.Pa. 1989)(failure of a Chapter 7 Debtor to tender payments to a secured creditor constituted cause for relief from the automatic stay); In re Wright, Egan & Associates, 60 B.R. 806 (Bankr. E.D.Pa. 1986) (Chapter 11 debtor's failure to make full monthly payments of interest on loan secured by three parcels of realty in which debtor had ownership interest was cause entitling mortgagee to relief from automatic stay in order to continue foreclosure proceedings); In re Graves, 59 B.R. 928 (Bankr. E.D.Pa. 1986) (Chapter 13 debtor's failure to make requisite monthly payments on mortgage constituted cause for granting relief from automatic stay); In re Munoz, 83 B.R. 334 (Bankr. E.D.Pa. 1988) (Creditor with security interest in stock owned by debtor was entitled to relief from automatic stay in that debtors' failure to make post-petition installment payments on stock, which had been purchased from creditor, established that creditor's interest in stock was not adequately protected).

The loan is currently post-petition due for September 1, 2016. As a result, it is respectfully submitted that Movant's interest in the Premises is not adequately protected.

Accordingly, Movant respectfully requests that this Court enter an order pursuant to Section 362(d)(1) granting MTGLQ Investors, LP relief from the automatic stay.

## IV. CONCLUSION

For the reasons set forth above, Movant respectfully requests that this Court enter an order:

(i) Pursuant to 11 U.S.C. §362(d) granting Movant relief from the automatic stay; and

(ii) For such other and further relief as this Court deems just and proper.

Dated: March 14, 2018
      Plainview, NY

                                Respectfully submitted,

                                ROSICKI, ROSICKI & ASSOCIATES, P.C.
                                By: Seung Woo Lee, Esq.
                                Attorneys for Movant
                                Main Office 51 E Bethpage Road
                                Plainview, NY 11803
                                516-741-2585

Pg 5 of 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:
Yoske Imai aka YOSKE IMAI aka YOSKE P IMAI aka Yosule Imai and Eiko Imai aka EIKO IMAI aka EIKO C IMAI

Debtors

---

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### FOR RELIEF FROM THE AUTOMATIC STAY

---

ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Movant
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585